UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILBERT R. HURST,

    Petitioner,

v.                                        CASE NO: 5:10-cv-183-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court has considered the petition and memorandum of law filed on April 26, 2010 (Dkt. # 1), Respondent's response thereto filed on August 23, 2010 (Dkt. # 15), Petitioner's reply filed on September 7, 2010 (Dkt. # 18), and Petitioner's amended petition filed on June 30, 2011 (Dkt. # 24.) Upon review, the Court concludes that the petition must be denied because it fails to meet the requirements of 28 U.S.C. § 2254(d) and (e).

**Background**

On June 11, 2004, Petitioner was charged by information with (Count I) premeditated attempted murder with a firearm, (Count II) aggravated battery with a firearm, and (Count III) burglary of a dwelling with a firearm. The case went to trial on November 29, 2004. At trial, the jury found that Petitioner was guilty on all three counts. On January 10, 2005,

Petitioner was sentenced to life in prison (Count I), 10 years (Count II) and 30 years with a minimum of 25 years mandatory (Count III).

On January 31, 2005, Petitioner filed a direct appeal. On appeal, he asserted the trial court erred in the denial of his motion for a mistrial based on improper comments made by the prosecutor in closing argument. On November 22, 2005, the Fifth District Court of Appeal per curiam affirmed the judgment and sentence. The mandate was issued on December 12, 2005.

On October 11, 2006, Petitioner filed a Motion for Postconviction Relief and memorandum of law pursuant to the Florida Rules of Criminal Procedure Rule 3.850. Petitioner filed amended motions on March 27, 2007, April 20, 2007, June 21, 2007, August 8, 2007, and January 21, 2008. Petitioner's amended Motion for Postconviction Relief set forth 22 grounds. Petitioner also filed a motion to disqualify the trial court judge ("Judge Hill") on May 1, 2007, and a motion for a change of venue on July 8, 2007. On August 8, 2007, the state court denied both motions. On March 25, 2008, Respondent filed a response to Petitioner's Motion for Postconviction Relief. On April 2, 2008, Petitioner filed a reply. On April 3, 2008, the state court conducted an evidentiary hearing. On November 20, 2008, the state court denied Petitioner's Motion for Postconviction Relief. The state court held that Petitioner's claims were not supported by either facts or the law. Petitioner filed a motion for rehearing, which the postconviction court denied on January 28, 2009.

Petitioner appealed the adverse rulings and on December 1, 2009, the Fifth District Court of Appeal per curiam affirmed the state court's denial of postconviction relief. Mandate issued on February 3, 2010.

On April 26, 2010, Petitioner timely filed the instant petition pursuant to 28 U.S.C. § 2254. (Dkt. # 1.)  On June 30, 2011, Petitioner amended the instant petition. Petitioner asserts 12 grounds for relief, all but Ground Five assert ineffective assistance of counsel:

**Ground One:**  Trial Counsel failed to investigate or use the insanity defense, and failed to ensure Dr. Olander had all of Petitioner's psychiatric records. The denial of Petitioner's claim in Ground One resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Ground Two:**  Trial counsel failed to prepare Petitioner for the "lack of intent" defense, failed to give the prosecutor the required 30 days notice for this defense, and failed to develop a full record of Petitioner's mental illness.  The denial of Petitioner's claim in Ground Two resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Ground Three:**  Trial counsel failed to fully consult with Petitioner prior to entering the "not guilty" plea.  The denial of Petitioner's claim in Ground Three resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Ground Four:**  Trial counsel failed to object when the State added the elements of "great bodily harm" to Counts I and III on the day of trial.  The denial of Petitioner's claim in Ground Four resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Ground Five:**  Petitioner was denied due process when the State added the elements of "great bodily harm to Counts I and III on the day of trial, and the State committed two discovery violations.  The denial of Petitioner's claim in Ground Five resulted in a decision that was based on an

|  |  |
|---|---|
|  | unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Six:** | Trial counsel failed to file a "Notice of Expiration of Speedy trial," and Petitioner's due process rights were violated when the State failed to have a speedy trial hearing. The denial of Petitioner's claim in Ground Six resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Seven:** | Trial counsel failed to discuss whether Petitioner should take the stand or any legal strategy. The denial of Petitioner's claim in Ground Seven resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Eight:** | Trial counsel failed to adequately review discovery or consult with Petitioner regarding the State's theory of the case (e.g. "the struggle theory"). The denial of Petitioner's claim in Ground Eight resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Nine:** | Trial counsel failed to object to improper comments made by the prosecutor in closing arguments. The denial of Petitioner's claim in Ground Nine resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Ten:** | Trial counsel failed to review the PSI report with Petitioner and Petitioner was unable to dispute 17 erroneous crimes listed in it. The denial of Petitioner's claim in Ground Ten resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Eleven:** | Trial counsel failed to pursue the option of disqualifying Judge Hill after he said he would set Petitioner up for a postconviction motion. The denial of Petitioner's claim in Ground Eleven resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. |
| **Ground Twelve:** | Trial counsel was ineffective due to the cumulative effect of counsel's errors. The denial of Petitioner's claim in Ground Twelve resulted in |

>a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

(Dkt. # 1.)

In response, Respondent argues that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e).[1] (Dkt. # 15.) Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth herein, the Court agrees that Petitioner is not entitled to *habeas* relief.

### Standard of Review

**I. AEDPA**

In 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2254. "Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments." *Parker v. Sec., Dept. Corr.*, 331 F. 3d 764, 768 (11th Cir. 2003) (citing *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Under 28 U.S.C. § 2254, a person in custody pursuant to a state court judgment may challenge their conviction and sentence in federal court by applying for a writ of *habeas corpus*. *See* 28 U.S.C. § 2254(a). Federal courts "may entertain an application for a writ of *habeas corpus* only on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, the applicant must show that the violation rises to the level of a "fundamental defect which inherently

---

[1] Respondent concedes that the petition was timely filed pursuant to 28 U.S.C. § 2254(d). (Dkt. #15.)

results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

Furthermore, under 28 U.S.C. § 2254(d), *habeas* relief is not available for any claim adjudicated on the merits in state courts unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) & (2). A state court's decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Price v. Vincent*, 538 U.S. 634, 640 (2003); *Early v. Packer*, 537 U.S. 3, 7-8 (2002) (per curiam).

Under § 2254(d)'s "unreasonable application" clause, a federal court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied a Supreme Court Case incorrectly. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2003) (citing *Bell v. Cone*, 535 U.S. 685, 698-99, (2002). Rather, "it is the habeas applicant's burden" to show that the state court applied that case to the facts "in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2003). Additionally, § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, **a determination**

> **of a factual issue made by a State court shall be presumed to be correct.** The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1) (emphasis added). The Eleventh Circuit determined that "[t]his presumption of correctness applies equally to factual determinations made by state trial and appellate courts." *Bui v. Haley*, 321 F. 3d 1304, 1312 (11th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 547, (1981)).

## II.  Ineffective Assistance of Counsel Claims

Petitioner alleges 12 instances of ineffective assistance of trial counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (*en banc* ) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)). Nevertheless, the Sixth Amendment to the United States Constitution provides the right of the accused to have effective assistance of counsel for his defense. *McMann v. Richarson*, 397 U.S. 759, 771 n.14 (1970).

It is well established that to prevail on an ineffective assistance claim, a claimant must establish (1) that counsel's "performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the deficient performance prejudiced the outcome of his case, meaning "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Furthermore, since a lawyer is presumed competent, the burden rests on the petitioner to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Petitioner must prove both prongs of *Strickland*. Therefore, if Petitioner fails to establish either deficient performance or prejudice, the Court need not address the other prong. *Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.' " *Van Poyck v. Florida Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted).

## Discussion

**I.  Ground One**

In Ground One, Petitioner argues that trial counsel was ineffective for failing to investigate or use the insanity defense, and failing to ensure Dr. Olander had all of Petitioner's psychiatric records. This claim was raised in grounds one and six of Petitioner's 3.850 Motion. After Petitioner's evidentiary hearing, the state court denied this claim as

being without merit. The state court found that Petitioner's trial counsel (Mark Nacke, now a Circuit Judge) (hereinafter referred to as "Judge Nacke") "sought and obtained approval on August 20, 2004, to retain Jacquelyn Olander, Ph.D to evaluate the defendant to determine whether an insanity defense existed in this case." (Dkt. # 15 App. W.)  Furthermore, Judge Nacke testified at the evidentiary hearing, that based on his discussions with Dr. Olander, "it was clear that there was no good faith basis for a defense of insanity." (Dkt. # 15 App. W.) Petitioner acknowledges in his Rule 3.850 motion that the defense expert opined that he was sane at the time of his offense. Additionally, Judge Nacke testified at the evidentiary hearing that "he provided records to Dr. Olander and would have provided any additional records that Dr. Olander might require during her evaluation." (Dkt. # 15 App. W.) The state court denied Petitioner's ground one and six, since "[b]ased upon the entire record it is abundantly clear the defendant was not insane at the time of the offense under Florida Law." (Dkt. # 15 App. W.)  Therefore, Petitioner cannot show that he was prejudiced by this decision, since it appears from the record that no insanity defense was available.

To receive *habeas* relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court made a reasonable determination of the facts and reasonably applied *Strickland*. As such, Petitioner's Ground One is denied.

## II. Ground Two

In Ground Two, Petitioner argues that trial counsel was ineffective for failing to prepare Petitioner for the "lack of intent" defense, failing to give the prosecutor the required 30 days notice for this defense, and failing to develop a full record of Petitioner's mental illness. This claim was raised in grounds two, five and six of Petitioner's 3.850 Motion. The state court ruled:

> Judge Nacke obtained a written authorization from the defendant authorizing counsel to admit in opening and closing arguments that the defendant committed the acts for which he was charged [by] arguing that he did not have the intent to kill or commit a crime due to his mental illness and state of mind at the time of the incident.
>
> . . . .
>
> The trial court record reflects that Judge Nacke developed this "lack of intent" defense in opening statement by telling the jury that the evidence will show that the defendant had no conscious intent to kill and no intent to commit a crime.

(Dkt. # 15 App. W) (internal citations omitted). The state court outlined trial counsel's efforts in setting forth this defense:

> During direct examination the defendant attempted to demonstrate his "lack of intent" by telling the jury that he "flipped." He goes on to testify that he "lost it." The defendant then continues to develop his lack of intent to commit the crime stating that he did believe that the gun was working. When asked by counsel if he intended to kill the victim he stated: "No". When asked if he intended to commit any crime he stated: "No, I just lost it, sir." Judge Nacke then attempted to demonstrate to the jury throughout closing argument that the defendant had no intent to kill and that he furthermore had no plan at all when he entered the house. Judge Nacke emphasized this theory specifically at page 463 (lines 7-25) of the trial transcript and reminded the jury of the defendant's testimony that he "lost it." **The record is clear that this defense was completely developed by the defendant and trial counsel as one of the primary points in the defense of this case.**

(Dkt. # 15 App. W) (emphasis added) (internal citations omitted).

Petitioner argues that Judge Nacke failed to file notice of intent to utilize a mental defense pursuant to the Florida Rules of Criminal Procedure Rule 3.216(e). Rule 3.216(e) provides:

> The defendant shall give notice of intent to rely on any mental health defense other than insanity as soon as a good faith determination has been made to utilize the defense but in no event later than 30 days prior to trial.

Fla. R. Crim. P. Rule 3.216(e). The state court found that "[t]rial counsel had no good faith grounds to file a notice of intent to rely upon insanity or any other mental health defense following his discussions with the defendant and upon completion of Dr. Olander's evaluation." (Dkt. # 15 App. W.) As such, it was not necessary for the Petitioner's counsel to file a notice of intent pursuant to Fla R. Crim. P. Rule 3.216(e).

The state court found there was no prejudice since, "[t]he evidence against this defendant was overwhelming as the Trial Court record reflects." (Dkt. # 15 App. W.) Petitioner has failed to meet his burden to show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Accordingly, Ground Two must be denied.

**III.    Ground Three**

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to fully consult with Petitioner prior to entering the "not guilty" plea. Petitioner raised this claim as ground three of his 3.850 Motion. The state court denied this claim, finding counsel's performance was not deficient:

> The defendant's claim that counsel should have consulted him prior to the entry of a not guilty plea on his behalf is completely without legal merit. Counsel obviously preserved all legal rights of the defendant by entering a plea of not guilty on behalf of his client, and there is no legal authority for defendant's contention.

(Dkt. # 15 App. W.)

Notwithstanding, even if Petitioner could show deficient performance on the part of Judge Nacke, Petitioner cannot meet the second prong of *Strickland*, since he failed to demonstrate how this has prejudiced him. In his §2254 application (Dkt. # 1), Petitioner claims that had Judge Nacke consulted him, he would have plead "not guilty by reason of insanity." Judge Nacke entered a plea of "not guilty" on behalf of Petitioner. Despite this, there was adequate time to obtain experts to evaluate Petitioner and file a timely notice of reliance on the insanity defense or any other mental health defenses. However, Judge Nacke investigated these defenses and determined that there were no good faith grounds to rely upon them. Therefore, Petitioner cannot demonstrate that he was prejudiced. Thus, Ground Three must be denied.

**IV.     Ground Four and Ground Five**

Grounds Four and Five are based on the same allegation of error and will be addressed as one claim. Petitioner raised this claim in ground seven of his 3.850 Motion. Petitioner argues that trial counsel was ineffective for failing to object when the State added the elements of "great bodily harm" to Counts I and III, since these additions were discovery violations. During Petitioner's trial, the State was granted permission to amend, since the charges did not add new information of which Petitioner was not aware. (Dkt. # 15 App. OO

at 131.) During his evidentiary hearing, Petitioner could not demonstrate that the State's additions were discovery violations. (Dkt. # 15 App. OO at 132-36.) The state court found this issue to be without merit based on the trial court record and Judge Nacke's testimony at the evidentiary hearing:

> The amendment of the information is not a discovery violation as asserted by the defendant and there was no prejudice to the defense in the amendment as all facts were known to the defense following discovery and depositions . . .

(Dkt. # 15 App. W.) Since all facts were known to the defense, Petitioner cannot show a due process violation. As such, Grounds Four and Five must be denied.

**V.    Ground Six**

In Ground Six, Petitioner alleges that trial counsel was ineffective for failing to file a "Notice of Expiration of Speedy trial," and Petitioner's due process rights were violated when the State failed to have a speedy trial hearing. Petitioner raised this claim in ground seven in his 3.850 Motion and the state court dismissed this claim, finding that:

> The testimony of Judge Nacke at the evidentiary hearing established that even if the defendant had filed a notice of speedy trial, the defendant would have been tried during the "recapture" or "window" provision of **Florida Rules of Criminal Procedure 3.191** as the case was set for the two-week trial period beginning November 22, 2004.

(Dkt. # 15 App. W.) Therefore, Petitioner failed to show prejudice, since he cannot show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Accordingly, Ground Six must be denied.

Page 13 of 20

**VI.     Ground Seven**

In Ground Seven, Petitioner argues that trial counsel was ineffective for failing to discuss whether Petitioner should take the stand or any legal strategy. Petitioner raised this claim as ground 17 in his 3.850 Motion. The state court rejected this claim, and stated, "[t]he defendant's decision to freely and voluntarily take the stand is clear from the trial record." (Dkt. # 15 App. W.)  Upon review of the record, the Court determines that this issue was indeed discussed with Petitioner.  The following exchange took place during Petitioner's trial:

> THE COURT: Okay. Then before we bring the jury in, have you discussed the pros and cons, Mr. Nacke, with your client of testifying and not testifying?
>
> MR. NACKE: Yes, I have, your Honor.
>
> THE COURT: And it's your opinion today that he's making this decision freely and voluntarily?
>
> MR. NACKE: Yes, yes, it is. We've discussed it, you know --
>
> THE COURT: Okay
>
> MR. NACKE: -- during all throughout this case.

(Dkt. # 15 App. B at 343.) Upon further review of the trial transcript, the Court concludes that Petitioner understood his right to testify:

> THE COURT: Well, do you understand that you have a right not to testify?
>
> THE DEFENDANT: Oh, I want to testify.
>
> THE COURT: Okay, I understand that, but do you understand that you have a right not to testify, no one can force you to do what you're doing right now, do you understand that?

>     THE DEFENDANT: Well, I do now.

(Dkt. # 15 App. B at 344.)  In light of the evidence in the record, the Court determines that Petitioner has failed to establish that counsel was ineffective, or that he suffered prejudice as a result.  Accordingly, Ground Seven must be denied.

## VII.  Ground Eight

In Ground Eight, Petitioner claims that trial counsel was ineffective for failing to adequately review discovery or consult with Petitioner regarding the State's theory of the case (e.g. "the struggle theory").  Petitioner raised this claim in grounds eight and nine of his 3.850 Motion.  Petitioner asserts there was no struggle or evidence of a struggle, and the blood found throughout the house was placed there by the police (or someone else) to tamper with the crime scene or frame him.  He further asserts that Judge Nacke failed to investigate this tampered crime scene.  The state court rejected this claim, and found neither deficient performance nor resulting prejudice:

> The testimony at trial and at the evidentiary hearing clearly demonstrates that the defendant pursued the victim as he shot her multiple times and clearly established how a trail of blood on the walls and throughout the house could have resulted.
>
> At the evidentiary hearing the defendant admitted multiple times that he shot the victim and the defendant fails to set forth any shred of evidence or any fact in support of his cockeyed assertion that someone must have planted the evidence at the scene; remember he sent a letter of apology to the victims.
>
> Even assuming, for argument sake, that someone placed blood on the walls at some point in time, this would not have provided any further defense as to the defendant's intent to commit the crime given the defendant's confession in his letter to the victim.

(Dkt. # 15 App. W.) Accordingly, Ground Eight must be denied.

## VIII. Ground Nine

In Ground Nine, Petitioner argues that trial counsel was ineffective for failing to object to improper comments made by the prosecutor in closing arguments. Petitioner raised this claim as ground 18 in his 3.850 Motion. The state court determined that "defendant provides no facts or evidence in support of either of these allegations aside from his mere conjecture." (Dkt. # 15 App. W.) The state court denied Petitioner's claim, since the alleged improper comments made by the prosecutor " in no way deprived the defendant of a fair trial, nor did it result in fundamental error. Ground 18 is denied." (Dkt. # 15 App. W) (citations omitted). Respondent correctly notes that this matter was raised on direct appeal and the Fifth District Court of Appeal found the matter to be without merit. (Dkt. # 15 at 23.) Accordingly, Ground Nine must be denied.

## IX. Ground Ten

In Ground Ten Petitioner alleges that trial counsel was inadequate for failing to review the PSI report with Petitioner and Petitioner was unable to dispute 17 erroneous crimes listed in it. Petitioner raised this claim as ground 19 in his 3.850 Motion. The trial court ruled:

> The sentencing issues set forth in this ground were matters which could have been raised on direct appeal and are **procedurally barred** from being raised in this motion. All enhancements concerning the minimum sentences were supported as required by law from interrogatory verdict forms making specific findings as to the defendant's actual possession of the firearm. Defense counsel preserved these issues in the sentencing hearing of January 10, 2005. Ground 19 is denied.

(Dkt. # 15 App. W) (emphasis added).

Federal courts must dismiss claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. *Harris v. Reed*, 489 U.S. 255 (1989). *See also Rodwell v. Singletary*, 113 F.Supp.2d 1308 (M.D. Fla. 2000) (finding that federal habeas courts cannot reach the merits of procedurally defaulted claims). The procedural bar can only be avoided upon showing either cause or prejudice, or by establishing that a fundamental miscarriage of justice resulted in conviction of an innocent defendant. *See Wainwright v. Sykes*, 433 U.S. 72, 97 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

As set forth herein, the state court dismissed this ground as procedurally barred. Additionally, Petitioner has not demonstrated any reason which would avoid the procedural bar. Accordingly, this claim is procedurally barred. However, even if Ground Ten had been properly raised, it would have been denied because Petitioner cannot show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Thus, Ground Ten must be denied.

## X.     Ground Eleven

In Ground Eleven, Petitioner argues that trial counsel was ineffective for failing to pursue the option of disqualifying Judge Hill after he said he would set Petitioner up for a postconviction motion. On August 22, 2007, the state court issued an order denying Petitioner's assertion concerning the disqualification of Judge Hill, holding that the claim was "legally insufficient." (Dkt. # 15 App. R.)

Petitioner argues that Judge Hill told the state prosecutor and Judge Nacke that he was going to set Petitioner up for a 3.850. (Dkt. # 1 at 56.) During his evidentiary hearing,

Petitioner attempted to bolster this claim by stating that he believes Judge Hill's use of the aforementioned phrase is a clear indication of bias:

> I mean, I just thought Mr. Nacke should have said, hey, look, now. Now, I'm going to have to disqualify you because of that, because that indicates bias. I mean, if I told you that I'm going to set you up, Your Honor, come on now. You would say what? What are you doing about? I mean, that kind of like, you know, means that you're going to do harm to somebody, in my opinion, Your Honor. That's all I'm saying.

(Dkt. # 15 App. OO at 337.) In light of Judge Nacke's testimony and Judge Hill's explanation of what he meant by the phrase, it is obvious that the phrase did not indicate any bias. (Dkt. # 15 App. OO at 335-336.) During Petitioner's evidentiary hearing, Judge Nacke explained to Petitioner that he has experience practicing in front of Judge Hill, and that Judge Hill simply meant that he is going to ask Petitioner questions. During the same hearing Judge Hill showed Petitioner his bench book and explained that for every defendant that goes to trial he asks each one "3.850 questions." (Dkt. # 15 App. OO at 335.) For instance, Judge Hill explained that he will often ask if the defendant would like to call any other witnesses. Judge Hill stated, "I'm setting up the record to show if someone says my lawyer forgot to call this witness, I have the defendant on record saying I didn't want any more witnesses called. That's why I do it." (Dkt. # 15 App. OO at 336.) Petitioner does not present any evidence of deficient performance, nor does he demonstrate prejudice. Accordingly, Ground Eleven must be denied.

## XI.  Ground Twelve

In Ground Twelve, Petitioner contends trial counsel was ineffective due to the cumulative effect of counsel's errors. The state court ruled, "[t]he record and the evidence

clearly established that the defendant's arguments as to each count are unsupported by law or fact, or are otherwise barred or frivolous." (Dkt. # 15 App. W.) As all of Petitioner's individual claims are without merit, his cumulative error claim must fail. *See, e.g.*, *United States v. Taylor*, 417 F.3d 1176, 1183 (11th Cir. 2005); *see also Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir.1987) (Petitioner could not obtain *habeas* relief through aggregation of individual meritless claims he had averred; twenty times zero is zero); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."); *United States v. Easter*, 66 F.3d 1018, 1023 (9th Cir.1995) (The court having found no error in the district court's rulings, there is, *a priori*, no cumulative effect error). Accordingly, Ground Twelve must be denied.

## Conclusion

Petitioner has not carried his burden to show that the state court applied the case law to the facts "in an objectively unreasonable manner." Therefore, there is no constitutional deprivation underlying Petitioner's state court conviction. As such, Petitioner's application for 28 U.S.C. §2254 relief is denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of *habeas corpus* is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in *forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2010\10-cv-183.deny 2254.wpd